Hall, J.
This action was upon a promissory note; the defense was want of consideration and a counter claim. Upon the trial the plaintiff proved the interest on the note *303 and rested. Defendant was called as a witness in Ms own behalf, and gave testimony strongly tending to show that the note was without consideration, and also tending to prove his counter claim, and then defendant called plaintiff as a witness, and he gave a statement of the case entirely different from and contradictory of defendant, and maintaimng Ms claim that the note was given for a due and full consideration.
At the close of the testimony plaintiff moved for a direction in his favor, wMch was granted, and defendant excepted, and defendant’s motion for a new trial was demed.
The ground upon wMch the verdict seems to have been directed was that the defendant, having called plaintiff as a witness, was bound by Ms evidence, and that in any event the evidence of defendant was of such a character that if the jury had found a verdict in defendant’s favor, it must have been set aside as against the evidence.
It must be conceded that when a party calls Ms adversary as a witness he gives Mm a certificate of character for truth and veracity, and cannot be allowed to impeach bim •either by direct evidence of bad character or by showing that he had at other times made statements in conflict with Ms evidence; but it cannot be claimed, or supported in reason by authority, that the statement of such adversary is conclusive on the party calling him. Such party may prove a different statement of facts from those testified to by Ms adversary, by any means at his command, and if the evidence is contradictory it must be passed upon by the jury.
The accounts testified to by the parties upon the trial extended over a considerable period of time, and are of rather a complicated and unsatisfactory nature; the evidence is very conflicting, and a jury could not find a verdict for plaintiff without discarding a great portion of defendant’s testimony; and I tMnk it was their exclusive province to pass upon the matter in the first instance. The defendant’s manner of testimony was far from satisfactory, and the jury would perhaps have been justified in disregarding it, but I do not think the court should have taken the consideration of the question from them.
It seems to me that a conclusive test would be that if defendant had rested upon Ms own testimony, and plaintiff had given no evidence at all, defendant would clearly have been entitled to a verdict unless the jury saw fit to disregard Ms evidence. The court could certainly not have directed a verdict in plaintiff’s favor on defendant’s testimony alone, and it being necessary to contradict it by evidence on the part of plaintiff, the conflict should have been submitted to the jury.
*304 There are a class of cases where the evidence is so slight on one side or the other as to be really insufficient to take a. case to the jury, and in which the verdict upon such evidence could not be sustained by the corut, even though uncontradicted. In such cases it is clearly the duty of the-court to take the case from the consideration of the jury by directing a verdict. But where there is abundant evidence to warrant the jury in finding a verdict, if they see fit to give credence to it, although it may be contradicted by unimpeached witnesses, the case should be submitted to them in the first instance, the court always reserving the power to set their verdict aside if manifestly improper.
From an examination of the evidence and of the manner of the -witnesses, as shown by the printed case, it can scarcely be doubted but that the jury would have come to the same conclusion as that arrived at by the learned trial-judge, but I am clearly of opinion that the entire evidence should have been submitted to them under proper instructions.
It follows that the judgment and order denying motion for a new trial must be reversed and a new trial granted, with costs to the appellant to abide the event.
Ehruoh, J., concurs.